The Honorable Jimmy Jeffress State Representative P.O. Box 1695 Crossett, Arkansas 71635-1695
Dear Representative Jeffress:
You have requested an Attorney General opinion on the following question:
 Would an Arkansas State employee be legally prohibited from receiving employer contributions to a tax-deferred retirement plan (assuming one is in place or could be set up) after electing the "T-Drop" option in the Arkansas Teacher Retirement System?
It is my opinion that there is no legal prohibition to such an arrangement, provided that the employer contribution does not exceed the amount of compensation that the employer is authorized to pay the particular state employee.
The "T-Drop" option is a deferred retirement option plan for members of the Arkansas Teacher Retirement System (ATRS). Under the authority of A.C.A. § 24-7-1031 et seq., a member of the ATRS who has at least thirty years of credited service in the system can elect this option in lieu of retiring. Under the terms of this plan, the member will continue to work and receive a salary, but a portion of the retirement benefit to which he would have been entitled if he had retired will be paid into a special account that will earn interest for the benefit of the participant.
A.C.A. § 24-7-1303 states: "When a member begins participation in the teacher deferred retirement option plan, both member and employer contributions to the Arkansas Teacher Retirement system on behalf of the member shall cease."
I have previously opined that the above-quoted provision does not operate to prevent a school district from making contributions on behalf of a T-Drop employee to a private annuity contract, in an amount equal to the contribution the school district would have made to the ATRS on behalf of the employee, and using funds in the teacher salary fund. See Op. Att'y Gen. No. 96-153. You have inquired as to whether the same type of employer contribution can be made for a state employee who is a member of ATRS and who elects to participate in T-Drop.
I have identified no prohibitions to such an employer contribution on behalf of a state employee who elects to participate in T-Drop. The amount of the contribution, of course, must not exceed the amount that the state employer is authorized to pay that employee. State employers do not have the discretion to exceed the amount budgeted and appropriated for any particular position. It is my opinion that if this limitation is properly observed, the employer contribution will be permissible.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh